IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY BLAKE ARCHER,                                      CV. 05-690-KI

        Petitioner,

    v.                                                     OPINION AND ORDER

ROBERT O. LAMPERT,

        Respondent.


    Lisa C. Hay
    Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner


    Hardy Myers
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent


1 - OPINION AND ORDER

KING, District Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this proceeding dismissed.

## BACKGROUND

In 1999, Petitioner was charged in Coos County with Sodomy I and Unlawful Sexual Penetration I based on allegations by his five-year-old daughter. In an interview with police prior to his arrest, Petitioner maintained he had been drinking alcohol at the time of the incident and that the alleged conduct was not accurately characterized. The statement of probable cause stated Petitioner confessed to inappropriate sexual contact, and Petitioner was arrested a day or so after the interview. Petitioner hired counsel to represent him.

On February 11, 1999, in a motion to suppress hearing, Petitioner's statements to police prior to his arrest were deemed admissible. In a separate hearing the same day, Petitioner's 5-year-old daughter was found competent to be a witness at trial.

On February 25, 1999, Petitioner entered guilty pleas to Sodomy I and Sexual Abuse I. Shortly after entering his guilty pleas, however, Petitioner attempted to contact his attorney to withdraw his pleas. Unable to reach counsel, Petitioner contacted another attorney who relayed Petitioner's concerns and desire to

2 - OPINION AND ORDER

withdraw his pleas to Petitioner's counsel. On March 3, 1999, counsel filed a motion to withdraw the guilty pleas based on Petitioner not taking his medication for bi-polar disorder, and his not fully understanding the consequences of the pleas. At his sentencing hearing on March 5, 1999, the court denied Petitioner's motion to withdraw his pleas noting Petitioner appeared fully competent during the plea proceeding.

At sentencing the state argued for consecutive sentences. Counsel argued for concurrent terms, stating Petitioner disputed the allegations and that his statements to police had been misconstrued. Noting a lack of remorse or desire to take responsibility, the court sentenced Petitioner to consecutive terms of 100 months and 75 months under Measure 11, with 140 months post-prison supervision.

Petitioner filed a timely appeal through retained appellate counsel, Jay W. Frank, arguing error when his motion to withdraw his plea was denied. However, on counsel's advice Petitioner moved to dismiss the appeal for jurisdictional reasons. Final appellate judgment issued August 25, 1999. Attorney Frank then pursued post-conviction relief, informing Petitioner of Oregon's two-year filing deadline.

On or about July 12, 2000, Petitioner hired attorney Helen Cooper because of dissatisfaction with attorney Frank. On October 26, 2000, Ms. Cooper filed Petitioner's first petition for post-

3 - OPINION AND ORDER

conviction relief. The PCR court denied relief. Petitioner appealed. The Oregon Court of appeals affirmed without opinion, *Archer v. Lampert*, 196, Or. App. 81 (2004), and the Oregon Supreme Court denied review. PCR appellate judgment issued April 25, 2005.

Petitioner filed the instant petition on May 9, 2005, raising two grounds for relief. Petitioner's memorandum addresses only his claim of ineffective assistance of trial counsel, Ground One. Petitioner's Motion for Leave to File a *Pro Se* Pleading and Argument in Support of Ground Two is pending before the court.

Respondent contends Petitioner's federal habeas petition is untimely under the Antiterrorism and Effective Death Penalty Act's (AEDPA) 1-year statute of limitations, and that equitable tolling is not justified because extraordinary circumstances did not prevent Petitioner from filing his petition on time.

## DISCUSSION

The AEDPA was enacted on April 24, 1996. Pursuant to the Act, a one-year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

Respondent calculates Petitioner's limitation period ran from August 25, 1999, the date final appellate judgment issued, until

4 - OPINION AND ORDER

October 26, 2000, the date on which Petitioner filed his state PCR petition, and from April 25, 2005, the date final PCR appellate judgment issued, until May, 9, 2005, the date the instant petition was filed, accruing a total of 442 days. (Respt.'s Response at 2.) Thus, the instant petition was filed 77 days beyond the 365-day limitation period.

Petitioner concedes his habeas petition was filed approximately two and a half months beyond the one-year limitation period under the AEDPA. However, Petitioner urges the court to apply equitable tolling, or grant him a hearing to present more evidence in support of his tolling arguments. For the reasons set forth below, I find neither equitable tolling nor a hearing is warranted.

    1.   <u>Equitable Tolling</u>

Although the Supreme Court has not yet done so, the Ninth Circuit has recognized that the AEDPA's one-year limitation is subject to equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc). That said, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066 (internal quotation marks and citation omitted); *Miles v. Prunty*,

5 - OPINION AND ORDER

187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006). Equitable tolling may be justified when a prisoner is prevented from filing by a state official's wrongful conduct, an inadequate prison library, denial of access to his files, or an attorney's egregious conduct. *Id.* (citing cases). However, an attorney's miscalculation of the limitation period does not warrant equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculations and negligence in general do not constitute extraordinary circumstances). Nor does an inmate's ignorance of the law and lack of legal sophistication warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

A habeas petitioner seeking equitable tolling must establish "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has not met this requirement.

6 - OPINION AND ORDER

Petitioner contends equitable tolling should apply because his retained appellate counsel did not inform him of the one-year AEDPA limitation period, and counsel's lack of diligence in pursuing his state PCR petition contributed to the untimeliness of his federal petition. Petitioner cites *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), for the proposition that retained counsel's failings justify equitable tolling. Petitioner's argument is without merit.

In *Spitzyn*, counsel was hired specifically to file a federal habeas petition. Despite repeated contact by the petitioner's family and the petitioner, he did not file a habeas petition, and he did not return petitioner's legal files until several months after the limitation period had passed. Here, attorney Frank was initially retained to file a direct appeal, but, because the appellate court did not have jurisdiction over Petitioner's claim of error, he moved to dismiss the appeal and pursued state PCR relief. Attorney Frank was not retained for the purpose of filing a federal habeas petition. In fact, a letter from attorney Frank dated April 13, 2000, clearly states that he was pursuing state post-conviction relief and, although he would be waiting for the Oregon Supreme Court to rule on a proportionality argument that might have merit for Petitioner, that he would file a PCR petition before the state deadline on August 25, 2001. (Petr.'s Exh. 26 (#49)).

7 - OPINION AND ORDER

Furthermore, correspondence with attorney Cooper, hired to replace attorney Frank when Petitioner became dissatisfied with his representation, shows Ms. Cooper was retained approximately one month prior to expiration of the AEDPA limitation period, and that Petitioner provided the legal files necessary for filing the state PCR petition.  A letter from the Oregon State Bar disciplinary counsel also shows that Petitioner received his trial counsel's files several weeks before the federal habeas deadline.  (Petr.'s Exh. 25 (#49)).  The file was not extensive and could be reviewed in a matter of hours.  (Affidavit of Paul M. Ferder, dated June 12, 2002, attached to Petr.'s Memorandum.)  While Petitioner actively pursued the filing of his state PCR petition, there is nothing in the record to suggest Petitioner was concerned with pursuing a federal habeas petition at that time, or that extraordinary circumstances interfered with his filing a habeas petition.

Petitioner argues that attorney Frank's failure to advise him of the AEDPA statue of limitations in his April 13, 2000, letter should be grounds for equitable tolling since Mr. Frank was Petitioner's appellate counsel with obligations under the Sixth Amendment.  (Petr.'s Motion to Submit Additional Exhibits (#49)).  However, Petitioner's direct appeal was final in August, 1999, and attorney Frank's role shifted from appellate counsel to post-conviction counsel with the dismissal of the direct appeal and Petitioner instead pursuing post-conviction relief.

8 - OPINION AND ORDER

In any event, the fact that neither of Petitioner's post-conviction attorneys took into account the AEDPA limitation period does not constitute extraordinary circumstances that prevented Petitioner from filing a timely federal petition.  Petitioner may consider his attorneys inattention to the AEDPA limitation period negligence, but an attorney's negligence does not constitute extraordinary circumstances to warrant equitable tolling.  *Lawrence*, 127 S.Ct. at 1085; *Frye*, 273 F.3d at 1146.  Nor does Petitioner's own apparent lack of knowledge of the AEDPA limitation period excuse his failure to file in a timely manner.  *Raspberry*, 448 F.3d 1150 (ignorance of the law is not an extraordinary circumstance warranting equitable tolling).

Petitioner also urges the court to apply equitable tolling based on his innocence.  However, Petitioner fails to meet the threshold requirements for the court to do so.

Relief from procedural default based on a claim of actual innocence is reserved for truly extraordinary cases.  *House v. Bell*, 126 S.Ct. 2064, 2077 (2006); *Schlup*, 513 U.S. at 324.  A petitioner's claim of innocence must be "supported . . . with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *House*, 126 S.Ct. 2064, 2077 (2006) (quoting *Schlup*, 513 U.S. at 324); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003).  Without new evidence of innocence,

9 - OPINION AND ORDER

"even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Moreover, a petitioner "does not meet the threshold requirement [for relief] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Having submitted no new evidence to support his claim of innocence, Petitioner fails to meet the threshold requirements for relief.

2.  Evidentiary Hearing

Petitioner seeks an evidentiary hearing to present testimony of his diligence in pursuing his PCR petition and his unsuccessful attempts to contact his first PCR attorney to support his arguments for equitable tolling. However, Petitioner has not shown the court that a hearing is warranted.

"A habeas petitioner . . . should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true*, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)), *cert. denied Belleque v. Kephart*, 127 S. Ct. 1880 (2007). Petitioner's allegations speak to his pursuit of *state post-conviction relief*. Equitable tolling for a federal habeas petition requires that the petitioner show he has been diligently

10 - OPINION AND ORDER

pursuing *federal habeas relief* and that some extraordinary circumstances stood in his way. Petitioner does not allege, nor is there evidence in the record that he was diligently pursuing federal habeas relief. Therefore, he would not be entitled to equitable tolling and an evidentiary hearing is not warranted.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (#2) is DENIED as untimely, and this proceeding is DISMISSED. Petitioner's Motion for Leave to File *Pro Se* Pleadings in Support of Ground Two (#50) is DENIED as moot.

IT IS SO ORDERED.

DATED this    14th    day of November, 2007.


    /s/ Garr M. King    
Garr M. King
United States District Judge

11 - OPINION AND ORDER